UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JAWAN N. TARQUINII, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 21-1567 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 38, 40, 42, 43, 44, 47 |
| | : | | |
| CARLOS DEL TORO, in his official capacity as U.S. Secretary of the Navy | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**DENYING PLAINTIFF'S MOTION FOR SANCTIONS; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL; DENYING DEFENDANT'S MOTION TO STRIKE**

**I. INTRODUCTION**

Plaintiff, proceeding pro se, alleges that Defendant[1] violated Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973 by terminating her employment at Marine Corps Community Services in Iwakuni, Japan in 2015. *See* Compl. at 1–2, ECF No. 1. Specifically, Plaintiff alleges that her termination amounts to unlawful discrimination based on her race, sex, religion, and disability status and retaliation for her protected equal employment opportunity ("EEO") activity. *See id*. Discovery in this matter closed on March 31, 2022, after which, at the Court's direction, the parties continued to confer to attempt to resolve outstanding issues. *See* Scheduling Order, ECF No. 16; Min. Order, Apr. 7, 2022. On September 19, 2022, the Court ordered Plaintiff to file a motion to compel on all remaining discovery disputes. *See* Min. Order, Sept. 19, 2022. On March 9, 2023, the Court granted in part and denied in part Plaintiff's motion

---

[1] Carlos Del Toro was automatically substituted as Defendant upon assumption of the position of U.S. Secretary of the Navy pursuant to Fed. R. Civ. P. 25(d).

to compel.  *See Tarquinii v. Del Toro*, No. 21-cv-1567, 2023 WL 2424618, at *8 (D.D.C. Mar. 9, 2023).

Plaintiff filed a motion to sanction Defendant on April 12, 2023, for not complying with the Court's order.  Pl.'s Mot. Sanctions, ECF No. 38.  On April 26, 2023, Plaintiff filed another motion for discovery, again claiming that Defendant did not fully comply with the Court's order.  Pl.'s Mot. & Report Def.'s Deficient Resp. to Order ("Pl.'s 1st Mot."), ECF No. 40.  Plaintiff filed a second motion for discovery on May 25, 2023.  Pl.'s Mot. & 2d Report Def.'s Deficient Resp. to Order ("Pl.'s 2d Mot."), ECF No. 42.  On June 6, 2023, Defendant filed a combined motion to strike Plaintiff's May 25 motion and stay Defendant's obligation to respond, or in the alternative, a motion to seal Plaintiff's May 25 motion.  Def.'s Mot. Strike ("Def.'s Mot."), ECF No. 43.  Plaintiff filed a third motion for discovery on July 17, 2023.  Pl.'s Mot. & 3d Report Def.'s Deficient Resp. to Order ("Pl.'s 3d Mot."), ECF No. 44.  On July 28, 2023, Defendant filed a motion for a status conference.  Def.'s Mot. Status Conference, ECF No. 47.

For the reasons set forth below, Plaintiff's Motion for Sanctions, ECF No. 38, is denied, Plaintiff's Motions to Compel, ECF Nos. 40, 42, & 44 are granted in part and denied in part, Defendant's Motion to Strike, ECF No. 43, is denied, and Defendant's Motion for a Status Conference, ECF No. 47, is denied.

## II. BACKGROUND

Plaintiff worked in human resources capacities, all Non-Appropriated Fund ("NAF") positions, for Marine Corps Community Services ("MCCS") in Iwakuni, Japan, from July 2013 to November 2015.  *See* Compl. ¶¶ 15–16; Def.'s Opp'n to Pl.'s Mot. Compel ("Def.'s Opp'n") at 1, ECF No. 32.  In September 2014 she worked to facilitate a job fair for MCCS.  Compl. ¶ 30(p); Answer ¶ 30(p), ECF No. 14.  Plaintiff's spouse and brother interviewed for jobs and

ultimately were hired. *See* Compl. ¶ 30; Answer ¶ 30. In November 2015, Plaintiff was terminated for "engaging in a pattern of misconduct that violated the rules of [sic] prohibiting nepotism and actual or apparent conflicts of interest" through actions "in connection with the employment of [her] husband and brother by MCCS." Compl. ¶ 31(a).

Plaintiff filed this suit on February 26, 2021 alleging violations of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*. *See* Compl. at 1. She alleges that she was subjected to discrimination based on her race (African American), sex (female), disability (hypertension), and religion (Catholic), predominantly by her first-level supervisor, Robert Johnston, and her second-level supervisor, John Iwaniec. *See id*. ¶¶ 27–29. She also claims that she engaged in several protected "EEO activities," such as reporting these instances of discrimination and objecting to similar treatment of others. *See id*. at 3–10. Accordingly, Plaintiff claims that her termination was not motivated by the alleged nepotism in facilitating the hiring of her husband and brother, but rather reflects discrimination based on her protected characteristics and retaliation for protected EEO activities. *See id*. at 10–11.

On March 9, 2023, the Court issued a memorandum opinion and order granting in part and denying in part Plaintiff's motion to compel. *See Tarquinii*, 2023 WL 2424618, at *1. Plaintiff filed a motion to sanction Defendant on April 12 for not complying with the Court's order after she had not received Defendant's compelled discovery response. *See* Pl.'s Mot. Sanctions. On April 14, Defendant provided part of the supplemental discovery responses to Plaintiff. Def.'s Suppl. Resp., Pl.'s 1st Mot., Ex. 1 at 4, ECF No. 40-2; *see also* Def.'s Opp'n to Pl.'s Mot. Compel ("Def.'s Reply"), ECF No. 41. On April 26, Plaintiff filed another motion for discovery, claiming that Defendant produced deficient responses to production requests Nos. 5,

12, 13, 16-24, 26, 27, and admission requests Nos. 25 and 38. *See* Pl.'s 1st Mot. Defendant provided the next part of the supplemental discovery responses on May 10. *See* Def.'s Reply at 3. Plaintiff filed a second motion for discovery on May 25, reiterating that Defendant produced deficient responses to production requests Nos. 5, 12, 16-24, 26, 27, and admission request No. 25, but did not include the claims about production request No. 13 and admission request No. 38 from the April 26 motion. *See* Pl.'s 2d Mot. Defendant provided the third supplemental discovery response on May 31. *See* Def.'s Mot. at 3. On June 6, Defendant filed a combined motion to strike Plaintiff's May 25 motion and stay Defendant's obligation to respond, claiming that Plaintiff should be sanctioned for acting in bad faith. *See id.* at 4-6. Defendant also motioned in the alternative to seal Plaintiff's May 25 motion because she published confidential information on the public docket. *See id*. at 7-11. Considering the arguments made by Defendant in the motion to strike and the earlier granted protective order, the Court placed Plaintiff's May 25 motion for discovery under seal. *See* Min. Order, July 7, 2023; Def.'s Mot. at 7-11; Protective Order, ECF No. 21. On July 17, Plaintiff filed a third motion for discovery, repeating the claims from the May 25 motion. *See* Pl.'s 3d Mot. On July 28, 2023, Defendant responded to the Plaintiff's third motion and filed a motion for a post-discovery status conference. *See* Def.'s 3d Reply, ECF No. 45. Plaintiff responded to that pleading on July 31, 2023. *See* Pl.'s Reply to Opp'n to 3d Mot., ECF No. 46.

### III.  LEGAL STANDARDS

#### A.  Motion for Sanctions

Rule 37(b)(2) of the Federal Rules of Civil Procedure allows a party to seek sanctions when another party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). "A court has broad discretion to manage discovery, and '[t]his deference [] extends

4

to the district court's imposition of discovery sanctions.'" *See Mokhtar v. Kerry*, No. 12-cv-1734, 2014 WL 12792553, at *2 (D.D.C. Oct. 17, 2014) (citing *Flynn v. Dick Corp.*, 481 F.3d 824, 835 (D.C. Cir. 2007)). The D.C. Circuit has held that "[t]he central requirement of Rule 37 is that 'any sanction must be just.'" *Bonds v. Dist. Of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996) (citing *Ins. Corp. v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 707 (1982)). When determining whether a sanction is just, a court may consider "the resulting prejudice to the other party, any prejudice to the judicial system, and the need to deter similar misconduct in the future." *Mokhtar*, 2014 WL 12792553, at *2; *see Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1074 (D.C. Cir. 1986)).

### B. Motion for Discovery

#### 1. Requests for Production

"For each item or category" requested, a party "must either state that inspection and related activities will be permitted as requested or . . . that it will produce copies of documents or of electronically stored information instead of permitting inspection," or else object. Fed. R. Civ. P. 34(b)(2)(B)–(C). The responding party must conduct a "reasonable" search for the requested documents but may stop when the extent of the search constitutes an "undue burden" that "would be disproportionate to the needs of [the] case." *Prasad v. George Washington Univ.*, 323 F.R.D. 88, 90 (D.D.C. 2017). "To the extent that documents do not exist, they are not discoverable." *Davis v. Yellen*, No. 08-cv-447, 2021 WL 2566763, at *20 (D.D.C. June 22, 2021). However, the movant may present evidence "that the documents that have been produced permit a reasonable deduction that other documents may exist or did exist and have been destroyed." *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008).

5

2. Requests for Admission

A refusal to admit "must specifically deny [the requested admission] or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* While a party may not "object solely on the ground that the request presents a genuine issue for trial," *id.* at (a)(5), an "'outright denial' of each of the [requests for admission] at issue . . . fulfill[s] its obligations," *United States v. All Assets Held at Bank Julius Baer*, No. 04-cv-798, 2019 WL 1167743, at *5 (D.D.C. Mar. 13, 2019) (internal citations omitted).

### C. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides in part that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A court has broad discretion in considering a motion to strike but granting such a motion is a drastic remedy. As a result, motions to strike are disfavored." *Jackson v. Starbucks Corp.*, No. 19-cv-1487, 2020 WL 3791873, at *2 (D.D.C. July 7, 2020) (internal citations omitted). When considering a motion to strike, a court must "draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike." *Nwachukwu v. Karl*, 216 F.R.D. 176, 178 (D.D.C. 2003). Motions to strike will be granted "only if the portions sought to be stricken are prejudicial or scandalous." *Id.* Therefore, "motions to strike are typically granted when the allegations are 'indefensible and wholly inappropriate' and undermine the dignity of the Court." *Jackson*, 2020 WL 3791873, at *2 (citing *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003)).

## IV.  ANALYSIS

### A.  Plaintiff's Motion for Sanctions

Slightly over a month after the Court granted in part and denied in part Plaintiff's motion to compel, Plaintiff filed a motion to sanction Defendant "for not complying with Judge's Order."  Pl.'s Mot. Sanctions at 1.  Plaintiff claimed that Defendant was required to respond to the discovery items, but that Plaintiff had not yet received a response as of April 12.  *Id.*  Since then, Defendant has provided three separate supplemental discovery responses.  Def.'s Reply at 3 (stating that Defendant sent discovery on April 14 and May 10); Def.'s Mot. at 3 (stating that Defendant provided the third discovery response on May 31).  On April 4, 2023, Plaintiff emailed Defendant regarding the lack of discovery and claims that she never received a response. Pl.'s Mot. Sanctions at 1.  However, Defendant's counsel shows they responded to this email within an hour, stating that they "hope[d] to send [Plaintiff] a production by the end of this week/early next week."  Def.'s Opp'n to Pl.'s Mot. Sanctions ("Def.'s Sanction Reply"), Ex. 2 at 1, ECF No. 39-2.[2]  Plaintiff acknowledges that Defendant has now provided these discovery responses and references them in the three motions to compel.  *See* Pl.'s 1st Mot. at 1; Pl.'s 2d Mot. at 1-2; Pl.'s 3d Mot. at 1-2.

---

[2] Defendant states that "[u]ndersigned counsel received no bounce-back indicating that the message was not received by Plaintiff and has had no other problems communicating with Plaintiff via the same email address."  Def.'s Sanction Reply at 2.  Defendant argues Plaintiff failed to follow Local Rule 7(m) by not responding or conferring with Defendant before filing the motion for sanctions.  Def.'s Sanction Reply at 3-4.  Local Rule 7(m) requires parties to confer in "good faith" to "determine whether there is any opposition to the relief sought" and "narrow the areas of disagreement."  LCvR 7(m); *see Raynor v. Dist. of Columbia*, No. 14-cv-0750, 2020 WL 13603998, at *1 (D.D.C. Sept. 18, 2020).  Defendant also claims that Plaintiff failed to follow Local Rule 7(m) before filing Plaintiff's first and second motion to compel. Def.'s Mot. at 5.  Plaintiff has been previously reminded by the Court to comply with this rule and confer with counsel for Defendant before seeking non-dispositive relief.  *See* Scheduling. Order.  The Court admonishes Plaintiff for failing to follow this rule and will expect compliance in the future.

Because Defendant has now produced the compelled discovery responses, Plaintiff's original argument for sanctions is moot. *See G & E Real Est., Inc. v. Avison Young-Wash., D.C., LLC*, 323 F.R.D. 67, 69 (D.D.C. 2017) ("[A]s a technical matter, [moving party] may not obtain the sanction they seek pursuant to Rule 37(b)(2) because the application of that rule is triggered only by the violation of a discovery order."); Fed. R. Civ. P. 37(b)(2)(A) (applying sanctions when a party "fails to obey an order to provide or permit discovery"). Defendant accurately points out that there was no discovery deadline in the Court's order that would have required a response be sent to Plaintiff by a specific date. Def.'s Sanction Reply at 6; *see generally Tarquinii*, 2023 WL 2424618. Therefore, it would not be "just" to sanction Defendant under Rule 37(b)(2), as there has been no violation of a discovery deadline or order that caused prejudice to the other party, prejudice to the judicial system, or caused a need to deter future misconduct. *See Bonds*, 93 F.3d at 808; *Mokhtar*, 2014 WL 12792553, at *2; *Shea*, 795 F.2d at 1077.

Plaintiff moved for sanctions again in her May 25 motion, repeating that Defendant failed "to fully comply with the discovery Order issued on March 9." Pl.'s 2d Mot. at 4. Plaintiff based this motion "on the foregoing," referencing her claims that Defendant produced deficient supplemental discovery responses but provides no other explanation or analysis. *See id.* Plaintiff has not shown that Defendant's discovery response has caused prejudice to herself, to the Court, or that there is a need to deter similar future misconduct. *See Shea*, 795 F.2d at 1077. Plaintiff also fails to reiterate the call for sanctions in her July 17 motion. *See* Pl.'s 3d Mot. Again, it would not be "just" to sanction Defendant under Rule 37(b)(2). *See Bonds*, 93 F.3d at 808; *Mokhtar*, 2014 WL 12792553, at *2. Therefore, the motions for sanctions are denied.

### B. Plaintiff's Motions to Compel Discovery

#### 1. Production Request No. 5

The Court partially granted Plaintiff's motion to compel production request No. 5 and instructed Defendant "to search for and produce responsive records concerning [] 30 individuals that hit on any variation of the following search terms: discriminate, harass, misconduct, uncomfortable, mistreat, retaliate, EEO, hostile, discipline, performance, terminate, caution, violate." *Tarquinii*, 2023 WL 2424618, at *4. In her April 26 motion, Plaintiff alleges that Defendant's April 14 discovery response did "not even mention Production Request 5." Pl.'s 1st Mot. at 1-2. Defendant stated in the opposition brief to Plaintiff's sanction motion and in Defendant's response to Plaintiff's April 26 motion that Defendant was "working to provide supplemental responses to Plaintiff's Production Request No. 5, but that [the] supplemental response [was] taking time." Def.'s Reply at 5; Def.'s Sanction Reply at 6. Defendant provided a supplemental response for production request No. 5 on May 10. *See* Def.'s Reply. at 3; Def.'s 2d Suppl. Resp., Def.'s Reply, Ex. 1 at 2; Pl.'s 2d Mot. at 2.

Plaintiff claims in the May 25 motion that Defendant's response was deficient, contending that Defendant failed to provide copies of email attachments that were referenced in the provided emails. Pl.'s 2d Mot. at 2-3. In the July 17 motion, Plaintiff repeats this claim. Pl.'s 3d Mot. at 2-3. Defendant alleges that Plaintiff's claim is untrue, and that Plaintiff "omits those purportedly missing attachments from her improper disclosure of other personnel records on the public docket." Def.'s Mot. at 4. Defendant references two instances in which Plaintiff uploaded an email with a bates stamp but did not include the attachment that was referenced. *Id;* Pl.'s 2d Mot. at 5, ECF No. 42-2. (referencing an attachment in the header of the email bates stamped DON002102, which was produced under bates stamp DON002103 and is not attached

9

to Plaintiff's May 25 Motion); *see also id.* at 9 (referencing an attachment in the header of an email bates stamped DON002181, which was produced under bates stamps DON002183-2186 and is not attached to Plaintiff's May 25 Motion). Defendant also provides a list "as to where Plaintiff can find the purportedly missing attachments." Def.'s 3d Reply at 8-9.

Both parties provide conflicting accounts of what discovery has been provided without enough support for the Court to identify what is accurate.[3] Defendant does not provide the allegedly missing documents under seal to support the claim that Plaintiff has received the referenced email attachments. *See generally* Def.'s Mot. Conversely, Plaintiff does not address Defendant's claim that she is purposefully omitting pages and potentially misleading the Court. *See* Pl.'s 3d Mot. at 2-3. Plaintiff has not submitted enough evidence for the Court to evaluate whether Defendant's responses were deficient and, thus, fails to meet her burden. Therefore, the Court denies Plaintiff's motion to compel production request No. 5.

2. Production Request No. 13

The Court granted Plaintiff's motion to compel production request No. 13, which sought a "copy of the Family Care Investigation report Plaintiff submitted in connection with the hostile work environment allegations raised against Tim Cook, Senior Manager, Child Development Center in 2015." *Tarquinii*, 2023 WL 2424618, at *6 (citing Pl.'s Disc. Req. at 3, ECF No. 31-2). In Plaintiff's April 26 motion, Plaintiff alleges that Defendant produced a copy of the Family

---

[3] Defendant points to evidence that indicates that Plaintiff's representations about what documents have been provided to her are misleading. To the extent that Defendant's claims are truthful, the Court admonishes Plaintiff for attempting to deceive the Court. Rule 11(b) of the Federal Rules of Civil Procedure allow for sanctions to be imposed on parties that present claims that lack evidentiary support. Fed. R. Civ. P. 11(b). "[T]he Court certainly has the authority to impose Rule 11 sanctions against a pro se plaintiff." *Hamrick v. Gottlieb,* 416 F.Supp.2d 1, 4 n. 3 (D.D.C. May 2, 2005). The Court is not imposing sanctions in this instance but urges the parties to avoid potentially purposeful inaccuracies in the future.

Care Investigation report, but "failed to produce the accompanying exhibits referenced therein." Pl.'s 1st Mot. at 2.  Defendant claims that the supplemental response produced to Plaintiff on May 10 included the exhibits to the Family Care Investigation, making the request to compel the discovery moot.  Def.'s Reply at 6.  Defendant "provides this second supplemental response and refers Plaintiff to the accompanying production bates stamped DON001486-2065, containing the underlying exhibits related to the Family Care Investigation."  See Def.'s Reply, Ex. 1 at 2-3, ECF No. 41-1.  Plaintiff does not reiterate the motion to compel production request No. 13 in Plaintiff's May 25 or July 17 motions, indicating to the Court that Defendant produced the requested documents.  See Pl.'s 2d Mot.  Therefore, the Court denies Plaintiff's motion to compel as to the request for production No. 13.

        3.    Certification for Production Request Nos. 12, 16-24, 26-27

The Court granted Plaintiff's motion to compel production request Nos. 12, 16-24, 26, and 27.  *Tarquinii*, 2023 WL 2424618, at *5, 6-7.  For request No. 12, Defendant's counsel states they "undertook a reasonable search for records responsive to this request and found no results." *See* Pl.'s 2d Mot. at 3.  For Nos. 16-24, 26 and 27, "Defendant undertook a reasonable search for records responsive to these requests … and found no records responsive to four individuals, Marty Carter, Vincent Endresen, Tony Taylor, and Sue Campbell."  Def.'s Suppl. Resp., Pl.'s 1st Mot., Ex. 1 at 4.  Plaintiff claims that Defendant has "failed to certify the claim that he 'undertook a reasonable search for records responsive to this request and found no results,'" and that Defense counsel's "statement cannot be accepted unless it is supported by declaration or certification specifying the scape [sic] and matter of 'reasonable search,' signed by a qualified individual who had performed such a search."  Pl.'s 1st Mot. at 2; Pl.'s 3d Mot. at 3-4.  Despite

11

the use of quotation marks, Plaintiff does not refer to a source to support this requirement. *See* Def.'s Reply at 7.

Federal Rule of Civil Procedure 26(g)(1) requires that "every discovery . . . response . . . be signed by at least one attorney of record in the attorney's own name . . . and must state the signer's address, email address, and telephone number." Fed. R. Civ. P. 26(g)(1). By signing, the "attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" that the response is "complete and correct as of the time it is made." *Id*. Defendant's supplemental responses meet this certification requirement as provided by undersigned counsel's signature and signature block added to the last page of the supplemental responses. *See* Def.'s Reply, Ex. 1 at 4. Plaintiff provides no support for her argument and does not point to any evidence to show that Defendant's discovery searches were unreasonable. Accordingly, the Court will not require Defendant to provide any further certification for production requests Nos. 12, 16-24, 26, and 27.

4. Production Requests Nos. 16-24, 26-27

Regarding Production Requests No. 16-24, 26, and 27, Plaintiff also alleges that "Defendant failed to identify for each relevant individual race, sex, religion, and if any had known disability and had engaged in prior protected EEO activities." Pl.'s 2d Mot. at 4; Pl.'s 3d Mot. at 4. Defendant claims that this is the first time that Plaintiff has raised this "purported deficiency" and that she should have raised it before the discovery period ended. Def.'s Reply at 9; Def.'s 3d Reply at 12. However, Plaintiff has presented this request multiple times, including in her first request for production on January 11, 2022. Pl.'s Disc. Req., Pl.'s Original Mot., Ex. A, ECF Nos. 31, 31-2. Defendant also claims that there is "nothing in the Court's March Discovery Order [that] compels Defendant to identify such comparator information." Def.'s

Reply at 9.  When the motion to compel was granted, the Court not only looked to Plaintiff's motion, *see* Pl.'s Original Mot., but to Plaintiff's original discovery request, which included the request for Defendant to "[i]dentify for each race, sex, religion; and if any had known disability and/or had engaged in prior EEO activity."  *See* Pl.'s Disc. Req. at 3-4.  There is nothing in the Court's March Discovery Order that specifically excludes Defendant from having to identify such comparator information.  *See generally Tarquinii*, 2023 WL 2424618.  Defendant also argues that the correct method of inquiry to serve such requests is through written interrogatories.  Def.'s Reply at 10.  Under the same timeliness logic that Defendant uses, this should have been an argument that Defendant presented in his response to the original motion to compel, as the request for this information had already been made known to Defendant.  *See generally* Def.'s Opp'n; Pl.'s Disc. Req. at 3-4.

      The Court ultimately granted Plaintiff's motion to compel production requests Nos. 16-24, 26, and 27, as evidence for possible "similarly situated" comparators.  *Tarquinii*, 2023 WL 2424618, at *6.  Although she "may not succeed in proving that any of these individuals [are] similarly situated… Plaintiff [] alleged sufficient information concerning nine out of the eleven individuals to clear the low bar of relevance."  *Id*.  Part of proving whether the other individuals are similarly situated can include the relevant comparator information.  *See Waters v. U.S. Capitol Police Bd.,* 216 F.R.D. 153, 158 (D.D.C. 2003) ("Evidence that the defendant treated persons similarly situated differently may be relevant evidence of racial discrimination. Information that may permit such a comparison is 'reasonably calculated to lead to the discovery' of relevant evidence.  Fed. R. Civ. P. 26(b)(1) permits the discovery of both.").  It seems that this information concerning possible comparators will be essential in resolving the proposed motion for summary judgment that Defendant intends to file.  Therefore, the Court

grants Plaintiff's motion and compels Defendant to, within the next 30 days, reasonably search for and provide relevant information regarding the race, sex, religion, known disability, and engagement in prior protected EEO activities for the previously compelled nine individuals included in production requests Nos. 16-24, 26, and 27.  This information may be produced in the form of a chart prepared for this purpose.

5.  Admission Request No. 25

The Court granted Plaintiff's motion to compel admission request No. 25, which sought Defendant's admission that "[a]t the job fair held in September 2015 the applicants submitted their applications in electronic form." *Tarquinii*, 2023 WL 2424618, at *7.  In her April 26 motion, Plaintiff states that "Defendant failed to either admit or deny.  A proper response must be provided." Pl.'s 1st Mot. at 2-3.  In her May 25 and July 17 motions, Plaintiff repeats the claim.  Pl.'s 2d Mot. at 4.  In the April 14 discovery response, Defendant states:

> A reasonable inquiry concerning the matter in this Request has been made and the information known or readily obtainable is insufficient to enable Defendant to admit or deny this Request.  Defendant avers that job applicants were able to submit their application electronically or, if unable to do so, could submit applications by hard copy.

Def.'s April Supp. Resp., Pl.'s 1st Mot., Ex. 1 at 3, ECF No. 40-2.  Defendant claims that this response is sufficient under Rule 36 because a party is allowed to explain why the request cannot be admitted or denied.  Def.'s Reply at 11.

The Court initially granted the motion to compel Defendant's response to request No. 25 under the understanding that it would provide "limited support" to Plaintiff's argument "that her conduct at that job fair was otherwise identical to her conduct at the job fair the prior year after which she faced discipline[]." *Tarquinii*, 2023 WL 2424618, at *7.  Defendant does not refuse to respond to the admission request, but provides an appropriate response and explains that

14

applications could be submitted both electronically and by hard copy. *See* Def.'s April Supp. Resp. at 3. The Court finds that Defendant's response is sufficient under Rule 36 because Defendant states in detail why it cannot be simply admitted or denied. Fed. R. Civ. P. 36(a)(4). Accordingly, Plaintiff's motion to compel as to admission request No. 25 is denied.

6. Admission Request No. 38

The Court granted Plaintiff's motion to compel admission request No. 38. *Tarquinii*, 2023 WL 2424618, at *8. In the April 26 motion, Plaintiff claims that Defendant "failed to respond at all" to No. 38. Pl.'s 1st Mot. at 3. Defendant shows that an amended response to No. 38 was provided to Plaintiff on May 10. Def.'s Suppl. Resp., Def.'s Reply, Ex. 1 at 3; Def.'s Reply at 6. Plaintiff does not reiterate the motion to compel request No. 38 in Plaintiff's May 25 or July 17 motions, again indicating to the Court that Defendant produced the requested response. *See* Pl.'s 2d Mot. Therefore, Plaintiff's motion to compel the request for admission No. 38 is denied.

**C. Defendant's Motion to Strike**

Defendant moves to strike Plaintiff's May 25 motion as a sanction for abusive litigation practices. *See* Def.'s Mot. at 4-6. Defendant makes a series of arguments alleging that Plaintiff has acted in bad faith and for oppressive reasons. *Id.* Defendant first points out that Plaintiff violated this Court's March 1, 2022, Protective Order by publishing sensitive third-party personnel information on the public docket, which Plaintiff alleges was "inadvertent." *Id.*; Pl.'s 3d Mot. at 1.[4] Defendant also argues that Plaintiff has engaged in an abuse of motion practice by

---

[4] After this violation was brought to the Court's attention, Plaintiff's 2d Motion was placed under seal. Min. Order, July 7, 2023.

15

continuing to file new motions that raise repetitive arguments.  Def.'s Mot. at 6.[5]  However, Defendant fails to argue why the Court should take the "disfavored" and "drastic remedy" to strike Plaintiff's motion.  *See Jackson*, 2020 WL 3791873, at *2.  Defendant states that Plaintiff acts "vexatiously and for oppressive reasons," Def.'s Mot. at 6, but does not explain how Plaintiff's May 25 motion is prejudicial, scandalous, indefensible, or wholly inappropriate, *see id.*; *Nwachukwu*, 216 F.R.D. at 178.  Accordingly, the Court finds that the Defendant has failed to demonstrate that Plaintiff's motion should be stricken and will deny the Defendant's motion to strike.

* * *

Defendant also asks that the Court "schedule a post discovery status conference, wherein Defendant would respectfully request that the Court (1) affirm that all discovery in this matter is closed, and (2) set a briefing schedule for summary judgment."  Def.'s 3d Reply at 13.  As the Court is granting in part Plaintiff's motion to compel, discovery is not closed in this matter.  Moreover, the Court believes that a post discovery status conference is unnecessary.  Accordingly, Defendant shall file any motion for summary judgment 30 days after complying with production of the above-ordered comparator-information (i.e., 60 days from the date of this order).

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions (ECF No. 38) is **DENIED**, Plaintiff's Motions to Compel (ECF Nos. 40, 42, & 44) are **GRANTED IN PART AND**

---

[5] The Court recognizes that Plaintiff's three motions to compel that state almost identical claims are redundant and unnecessary.  As addressed with Plaintiff's failure to follow Rule 7(m), the Court admonishes Plaintiff for filing repetitive motions and advises that Plaintiff avoid similar actions in the future.

**DENIED IN PART**, Defendant's Motion to Strike (ECF No. 43) is **DENIED**, and Defendant's Motion for a Status Conference (ECF No. 47) is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: September 14, 2023                                  RUDOLPH CONTRERAS
                                                          United States District Judge